**Milovan PANTOVIC, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–72900.
Agency No. A75–625–946.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 2004.

Decided July 12, 2004.

Jan Joseph Bejar, Donald K. Sheppard, San Diego, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Department of Homeland Security, Executive Office of Immigration Review, Office of Immigration Judge, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joan E. Smiley, John C. Cunningham, William Campbell Erb, Jr., Attorney, U.S. Department of Justice, Washington, DC, for Respondent.

Before T.G. NELSON, TASHIMA, and FISHER, Circuit Judges.

MEMORANDUM *

Milovan Pantovic petitions for review of the Board of Immigration Appeals'

* This disposition is not appropriate for publica-

tion and may not be cited to or by the courts

streamlined affirmance of the Immigration Judge's ("IJ's") decision. The IJ denied Petitioner's claims for asylum and withholding of removal, and for relief under the Convention Against Torture. We grant the petition and remand. Because the facts are familiar to the parties, we will not recite them here.

The IJ appears to have misunderstood the basis of Petitioner's claims: his fear of *future* persecution based on draft notices and a judgment against him from the Serbian army that he received *after* he came to the United States. The IJ treated Petitioner's claim as though it were based on past persecution. Because the IJ never addressed Petitioner's claim, and because substantial evidence does not support the IJ's adverse credibility finding, we grant the petition.[1]

Substantial evidence does not support the IJ's adverse credibility finding.[2] Petitioner's actions after he arrived in the United States and the timing of his asylum claim were entirely consistent with his claim. Petitioner did not fear persecution when he first came to the United States. His fear arose after he received draft notices and then the judgment against him. The law specifically acknowledges that such a change in circumstances may justify an asylum claim.[3] Petitioner's wife and daughter were not similarly eligible for the draft. Accordingly, the fact that they were not persecuted, though they remained behind, carries little weight.[4]

The record does not support the IJ's blanket characterization of the Milosevic regime's treatment of individuals with opposing political viewpoints at the time Petitioner retired from the military. Neither does it support the IJ's characterization of Petitioner's status as a known traitor while he was still in the military. The IJ's conclusion that Petitioner's ability to retire conflicted with his testimony was thus speculative.[5] Similarly, the IJ's conclusion that Petitioner gave internally inconsistent reasons for his retirement also finds no support in the record. Petitioner's testimony was consistent. He explained that, although he did not know of the precise atrocities inflicted by the Serbian military in Bosnia until after he retired, he knew—and opposed—the basis of the war: an extreme form of nationalism. Accordingly, he sought retirement. We grant the petition for review of his claims.

We find no merit in Petitioner's contention that translation difficulties merit granting the petition. Petitioner has demonstrated no prejudice. Accordingly, even if the translation difficulties rose to the level of a due process violation, we would

---

of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See Mendez–Gutierrez v. Ashcroft*, 340 F.3d 865, 870 (9th Cir.2003) (holding that the BIA abused its discretion by failing to address the petitioner's claim of a well-founded fear of future persecution as a separate ground for relief).

2. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir.2003).

3. *See* 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 208.4(a)(4)(i)(B) (excepting aliens from the requirement that they apply for asylum within one year of entry when changed circum-

stances in their home countries inform their applications).

4. *Compare Cuadras v. INS*, 910 F.2d 567, 571 (9th Cir.1990) (concluding that the fact that similarly situated relatives were not persecuted though they remained behind undermined the petitioner's claim).

5. *See Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir.2000) ("Speculation and conjecture cannot form the basis of an adverse credibility finding, which must instead be based on substantial evidence.").

**22**

have to affirm.[6] We need not reach Petitioner's contention that the BIA erred by streamlining the case, as we "can reach the merits of the decision by the IJ...."[7] Moreover, no due process violation resulted from the streamlining.[8]

We remand to the BIA to determine whether to grant Petitioner's claims based on his fear of future persecution.[9]

PETITION GRANTED; CASE REMANDED.

---

6. *See Acewicz v. INS*, 984 F.2d 1056, 1063 (9th Cir.1993).

7. *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 855 (9th Cir.2003).

8. *See id.* at 852.

9. *See INS v. Ventura*, 537 U.S. 12, 16—17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.